ASA DOUGLAS HALL v. MALCOLM HOWELL COPLON

No. 8621SC1153

(Filed 5 May 1987)

1. **Assault and Battery § 2— civil assault—plaintiff breaking into defendant's house—reasonableness of defendant's force**

   The trial court erred in an action for personal injuries received by plaintiff after breaking into defendant's home by directing a verdict for defendant on the issue of defendant's shooting plaintiff in the back. The reasonableness of defendant's use of deadly force in shooting plaintiff in the back should have been submitted to the jury.

2. **Assault and Battery § 2— civil assault—plaintiff breaking into defendant's house—provocation as mitigating damages**

   In an action for personal injuries received when plaintiff was shot after breaking into defendant's house, the trial court erred by refusing to instruct the jury that provocation could be considered in mitigating plaintiff's damages.

3. **Assault and Battery § 3.1— civil assault—plaintiff shot several times—retrial —medical expenses to be allocated to injuries**

   In an action to recover for personal injuries received when plaintiff was shot after breaking into defendant's house which was remanded for a new trial on other grounds, evidence allocating plaintiff's medical expenses to each injury would permit the jury to award damages in line with defendant's liability if the jury should determine that defendant is not liable for all of plaintiff's injuries.

**4. Evidence § 33.2; Assault and Battery § 3.1— civil assault—testimony concerning events leading up to assault—not hearsay**

The trial court did not err in an action to recover for injuries received when plaintiff was shot after breaking into defendant's house by admitting testimony concerning the events leading up to the break-in and plaintiff's and defendant's relationships with two other people involved in the break-in. The evidence was not offered as proof of the matters asserted but to help explain plaintiff's conduct before and after the break-in.

**5. Evidence § 13; Assault § 3.1— civil assault—statement written by defendant—not privileged**

In an action to recover for injuries received when plaintiff was shot after breaking into defendant's house, defendant's statement detailing his relationship with two other people involved in the break-in was not the privileged work product of his attorneys and was properly admitted where defendant admitted that he personally prepared the statement.

APPEAL by defendant from *Stephens, Judge.* Judgment entered 24 June 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 1 April 1987.

Plaintiff instituted this action for assault to recover for personal injuries he received after breaking into defendant's home. Defendant counterclaimed for assault to recover for personal injuries he sustained when plaintiff and an accomplice broke into his home.

Plaintiff's evidence at trial tended to show the following:

Prior to the break-in, Fred Wall and Shirley Holland approached plaintiff and told him that defendant had silver and gold that belonged to Wall. Wall and Holland asked plaintiff to accompany Hal Blackburn to defendant's home and open defendant's safe. Wall told plaintiff that defendant had "done him very dirty" and that defendant was "trying to beat [Wall] out of an awful lot of money." Plaintiff agreed to accompany Blackburn and open the safe. After breaking into defendant's home through a basement door, Blackburn alone approached defendant. The two men were struggling with Blackburn's revolver when plaintiff came up the stairs. Plaintiff separated them and told Blackburn not to shoot defendant. Plaintiff and Blackburn then fled in different directions. Plaintiff ran away from defendant's home and was shot in the back by defendant. Defendant approached plaintiff as plaintiff was lying on the ground. Plaintiff put his hands out in front of him and told defendant that he would cause him no trouble. De-

fendant stuck the pistol between plaintiff's legs and threatened to "take his manhood." Defendant repeatedly asked plaintiff who had sent him. Defendant then shot plaintiff in the left hand, picked up the shell casing, shot plaintiff in the right hand, picked up the shell casing and hit plaintiff six or seven times in the back of the head with the pistol. The police arrived and plaintiff was taken to a hospital. Plaintiff was later convicted of breaking and entering and sentenced to a 3-year term of imprisonment.

Defendant presented evidence tending to show the following:

On 12 May 1983, defendant was working inside his home and his daughter was outside sunbathing. Plaintiff and Hal Blackburn broke into defendant's home and surprised defendant in his study. Blackburn pointed a revolver at defendant, told defendant that he was being robbed and demanded to see the contents of defendant's safe. Defendant grabbed the revolver and a struggle ensued. Plaintiff struck defendant several times with the brass ends of a closed pocketknife, and the revolver fired as defendant and Blackburn were "rolling around." Blackburn wrestled the revolver from defendant's grasp, pointed it at defendant's head and pulled the trigger, but the gun misfired. Plaintiff and Blackburn then fled. Defendant activated an automatic police alarm, grabbed a pistol from his study and ran outside. Defendant shot plaintiff in the back as plaintiff was running through defendant's yard. Defendant returned to the house, grabbed another pistol and ran into the yard. Defendant approached plaintiff as plaintiff was lying on the ground. When plaintiff moved his hands towards defendant, plaintiff shot him in one hand. When plaintiff moved his hand towards a knife in his pocket, defendant shot plaintiff in the other hand.

The trial court granted defendant's motion for a directed verdict on plaintiff's claim that defendant committed an intentional tort when defendant shot plaintiff in the back. The jury found that plaintiff suffered personal injuries when defendant shot plaintiff in both hands and struck him in the head with the pistol. The jury also found that defendant did not act justifiably and awarded plaintiff $20,000 for his personal injuries and $25,000 in punitive damages. Defendant was awarded $77.78 for his personal injuries and $30,000 in punitive damages. The trial court entered judgment offsetting these awards, leaving a net recovery in plain-

tiff's favor. From the judgment of the trial court, defendant appeals and plaintiff sets out cross-assignments of error.

*Petree, Stockton & Robinson, by G. Gray Wilson; and Horton and Kummer, by Hamilton Horton, for defendant appellant.*

*Victor M. Lefkowitz for plaintiff appellee.*

ARNOLD, Judge.

Both plaintiff and defendant attack various aspects of the trial held in this matter. Assignments of error by both parties have merit and demand that we reverse the judgment of the trial court and remand the case for a new trial.

[1] As a cross-assignment of error, plaintiff contends that "the trial judge invaded the province of the jury by granting a directed verdict in favor of the defendant on the issue of the defendant's shooting the plaintiff in the back."

A motion for a directed verdict presents the question whether the evidence, when considered in the light most favorable to the nonmoving party, is sufficient for submission to the jury. *Kelly v. International Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971).

Deadly force may be employed to repel a felonious assault where such force reasonably appears to be necessary to prevent death or great bodily harm. *State v. Hunter*, 315 N.C. 371, 338 S.E. 2d 79 (1986). The reasonableness of the apprehension of death or great bodily harm must be determined by the jury on the basis of all the facts and circumstances as they appeared to the party at the time. *State v. Clay*, 297 N.C. 555, 256 S.E. 2d 176 (1979).

The reasonableness of defendant's use of deadly force in shooting plaintiff in the back is a question that should have been submitted to the jury. Therefore, the trial court erred in granting defendant's motion for a directed verdict on that issue.

We are not persuaded by plaintiff's remaining cross-assignments of error.

[2] Defendant assigns error to the trial court's refusal to instruct the jury that provocation may be considered in mitigation of damages.

Although provocation is not a defense to an action for assault and battery, it may be considered in mitigation of damages. *Lail v. Woods*, 36 N.C. App. 590, 244 S.E. 2d 500, *disc. rev. denied*, 295 N.C. 550, 248 S.E. 2d 727 (1978). If the provocation is great, the damages may be reduced to a nominal sum. *Id.*

In the case *sub judice*, the breaking and entering into defendant's home and defendant's struggle with plaintiff and Blackburn provide ample evidence of provocation. Therefore, we hold that the trial court erred in refusing to instruct the jury that provocation may be considered in mitigating plaintiff's damages.

[3] Defendant also contends that the trial court erred in failing to segregate the medical expenses attributable to plaintiff's hand injuries from the expenses attributable to plaintiff's back injury.

Since the trial judge directed a verdict on the issue of defendant's shooting plaintiff in the back, he instructed the jury that plaintiff's recovery for medical expenses would be limited to treatment for injuries to plaintiff's hands and head. However, plaintiff's evidence of medical expenses did not break down those expenses with respect to his specific injuries.

We briefly note that should the jury determine on retrial that defendant is not liable for all of plaintiff's injuries, evidence allocating the medical expenses to each injury suffered would permit the jury to award damages in line with defendant's liability.

[4] Defendant next contends that the trial court erred in admitting "plaintiff's self-serving testimony concerning his motive for breaking into defendant's home and other testimony by plaintiff and others concerning the events which transpired there and other matters because this evidence was irrelevant and incompetent hearsay which substantially prejudiced defendant and denied him a fair trial." We do not agree.

The evidence defendant complains of is primarily testimony concerning the events leading up to the break-in and plaintiff's and defendant's relationships with Wall and Holland. The trial judge gave a limiting instruction to the jury that the testimony could be considered only for the limited purpose of "understanding why [plaintiff] thereafter engaged in whatever conduct he engaged in."

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." G.S. 8C-1, Rule 801(c). If the statement is offered for any other purpose, it is admissible. *Livermon v. Bridgett,* 77 N.C. App. 533, 335 S.E. 2d 753, *disc. rev. denied,* 315 N.C. 391, 338 S.E. 2d 880 (1985).

In the present case, the evidence was not offered as proof of the matters asserted. The testimony helped to explain plaintiff's conduct during and after the break-in and was admissible for that purpose. Thus, the trial court did not err in admitting the testimony.

[5] Defendant further contends that the trial court erred in admitting a written statement "on the grounds that [it] was privileged work product containing hearsay which was incompetent, irrelevant and prejudicial."

The statement, which detailed defendant's relationship with Wall and Holland, was dated 16 May 1983 and entitled "Statement by Malcolm H. Coplon (Addendum to statement of May 13, 1983)." At trial, defendant was represented by two attorneys, G. Gray Wilson and Hamilton Horton. Wilson informed the court that Horton inadvertently gave the statement to the police who were investigating the incident. Wilson also informed the court that defendant did not prepare the statement. He further stated that the statement was prepared by Horton. However, defendant admitted that he personally prepared the statement. We hold that the statement is not privileged work product and was properly admitted as relevant evidence.

We need not address defendant's remaining assignments of error inasmuch as we are remanding the case for a new trial.

Reversed and remanded for a new trial.

Judges MARTIN and GREENE concur.