STATE OF NORTH CAROLINA v. DAVID CRUZ CARDENAS

No. COA04-317

(Filed 5 April 2005)

### 1. Evidence— hearsay—opening the door

The trial court did not err in a felonious trafficking of methamphetamine by possessing more than four hundred grams and possession with intent to sell and deliver methamphetamine case by admitting a detective's testimony describing the conversation he had with a witness that led to defendant's arrest, because: (1) defendant opened the door to this line of questioning by cross-examining the detective concerning the witness's credibility and evidence that led the detectives to defendant; (2) the testimony was not offered for the truth of the matter asserted, but was intended to explain the detectives' subsequent conduct; (3) the trial court provided a limiting instruction both prior to the admission of the evidence and during its charge to the jury; and (4) evidence pertaining to the witness's interview was discussed during both direct and cross-examination of another detective without objection by defendant.

### 2. Drugs— methamphetamine—instructions—knowing possession

The trial court did not err in a felonious trafficking of methamphetamine by possessing more than four hundred grams and possession with intent to sell and deliver methamphetamine case by instructing the jury that the State is not required to prove defendant had knowledge of the weight or amount of methamphetamine which he knowingly possessed, because: (1) to convict an individual of drug trafficking, the State is not required to prove that defendant had knowledge of the weight or amount of methamphetamine which he knowingly possessed or transported; and (2) N.C.G.S. § 90-95(h)(3b) requires only that defendant knowingly possess or transport the controlled substances.

### 3. Criminal Law— trial court response to jury question—no prejudice

The trial court did not abuse its discretion in a drug case by responding to a jury question about the amount of cocaine found in a cooler, because: (1) the transcript indicates that the trial court carefully considered the issue and solicited and received arguments from both parties; and (2) defendant was not preju-

diced as the jury found him to be not guilty of any of the charges involving cocaine.

Appeal by defendant from judgment entered 29 October 2003 by Judge Henry E. Frye, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 16 February 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Bertha L. Fields, for the State.*

*Nils E. Gerber, for defendant-appellant.*

TYSON, Judge.

David Cruz Cardenas ("defendant") appeals from a judgment entered after a jury returned guilty verdicts for: (1) felonious trafficking of methamphetamine by possessing more than four hundred grams; and (2) possession with intent to sell and deliver methamphetamine. We find no error.

## I. Background

The State's evidence tended to show that on 10 September 2002, Rafael Torres ("Torres") and Andrew Charles were arrested by Winston-Salem police officers in possession of large quantities of cocaine and methamphetamine. Detective Chris Spain ("Detective Spain") and Detective Jorge Alamillo ("Detective Alamillo") (collectively, "the detectives") interviewed Torres. The detectives and Torres reached an agreement whereby Torres would reveal and take the detectives to his drug source. Torres led Detective Spain and Detective Alamillo, along with other police officers, to defendant's residence. Once there, the detectives watched defendant's activities.

Detective Spain and Detective Alamillo contacted Officer Steven J. Vanderport ("Officer Vanderport") and directed him to instruct Torres to telephone defendant and "order up" some drugs. Torres remained in Officer Vanderport's custody, while he called defendant. Torres and defendant conversed in Spanish, a language Officer Vanderport does not speak.

The detectives observed defendant answer his phone and walk from his apartment to another apartment, numbered 36. Detective Spain and Detective Alamillo approached apartment 36 and knocked on the door. Defendant answered the door and the detectives asked if

STATE v. CARDENAS

[169 N.C. App. 404 (2005)]

they could enter. Defendant told the officers that apartment 36 was not his home, but allowed the detectives to enter. Detective Alamillo noticed defendant was nervous, sweating, and shaking while they talked. The detectives questioned defendant and he admitted there were "some drugs in the residence and a weapon" was present. The detectives searched apartment 36 and recovered $6,000.00 in cash, a handgun, two sets of electronic scales, six bricks of methamphetamine totaling 2,458 grams, a bag of powdered methamphetamine, and a bag of cocaine containing over 606 grams. Detective Alamillo placed defendant under arrest. The detectives searched defendant and found $571.00 in cash and a key to apartment 36. A subsequent search of defendant's residence revealed an additional twenty-eight grams of methamphetamine.

Defendant was indicted on 20 October 2003 for: (1) felonious trafficking of methamphetamine by possessing four hundred grams or more; (2) trafficking in cocaine; (3) conspiracy to traffic cocaine; and (4) possession with intent to sell and deliver methamphetamine. Defendant pled not guilty to all the charges.

Defendant testified that he was familiar with apartment 36 and that he had spent time there drinking and using drugs. He further testified that he "knew there were some drugs around" the apartment, but he did not know how much.

The jury found defendant not guilty of conspiracy to traffic cocaine and of trafficking in cocaine. The jury found defendant guilty of felonious trafficking of methamphetamine by possessing more than four hundred grams and possession with intent to sell and deliver methamphetamine. He was sentenced to a minimum term of 225 months and a maximum term of 279 months. Defendant appeals.

## II. Issues

Defendant argues the trial court erred in: (1) admitting opinion testimony of hearsay statements; (2) instructing the jury on the crimes charged; and (3) responding to a jury question.

## III. Out of Court Statements

[1] Defendant argues the trial court erred in admitting Detective Spain's testimony describing the conversation with Torres which led to defendant's arrest. We disagree.

## A. Opening the Door

North Carolina law permits parties to offer otherwise inadmissible evidence " 'to explain or rebut evidence elicited by the defendant himself.' " *State v. Warren*, 347 N.C. 309, 317, 492 S.E.2d 609, 613 (1997) (quoting *State v. Albert*, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981)), *cert. denied*, 523 U.S. 1109, 140 L. Ed. 2d 818 (1998). If a party introduces evidence of a particular fact or scenario, the other party may explain or rebut that proffer by introducing testimony that would otherwise be incompetent or irrelevant, if offered initially. *Albert*, 303 N.C. at 177, 277 S.E.2d at 441.

## B. Hearsay

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2003); *Hall v. Coplon*, 85 N.C. App. 505, 510, 355 S.E.2d 195, 198 (1987). "Hearsay is not admissible except as provided by statute or by these rules." N.C. Gen. Stat. § 8C-1, Rule 802 (2003); *see also Livermon v. Bridgett*, 77 N.C. App. 533, 540, 335 S.E.2d 753, 757 (1985), *cert. denied*, 315 N.C. 391, 338 S.E.2d 880 (1986).

Statements of an out of court declarant that are offered for purposes other than proving the truth of the matter asserted are not hearsay. *State v. Call*, 349 N.C. 382, 409, 508 S.E.2d 496, 513 (1998). Evidence admitted "to explain the subsequent conduct of the person to whom the statement was directed" is also not hearsay. *State v. Gainey*, 355 N.C. 73, 87, 558 S.E.2d 463, 473 (citing *State v. Coffey*, 326 N.C. 268, 282, 389 S.E.2d 48, 56 (1990)), *cert. denied*, 537 U.S. 896, 154 L. Ed. 2d 165 (2002); *see also State v. White*, 298 N.C. 430, 437, 259 S.E.2d 281, 286 (1979).

## C. Analysis

During cross-examination, defendant questioned Detective Spain extensively about the events and evidence which led to the investigation and arrest of defendant. Detective Spain was asked about his investigation of and conversation with Torres. The transcript indicates defendant's trial strategy may have been to question the thoroughness and validity of Detective Spain's investigation and to proffer evidence to show Torres's bias and motive in exchange for providing information about defendant.

On redirect, the State asked Detective Spain about the conversation with Torres which spurred the investigation of defendant.

Defendant objected, arguing the testimony would be both inadmissible hearsay and a violation of his Sixth Amendment right to confrontation. Both parties presented arguments to the trial court outside the presence of the jury. The trial court allowed admission of the State's question and Detective Spain's answer for the jury, but prefaced it by stating, "Ladies and gentlemen, the officer's next testimony is going to be given—is offered as the basis for the investigation, however it's for you to, however, to determine whether that fact actually happened."

We hold the trial court did not err in allowing Detective Spain to testify concerning Torres's interview. First, defendant "opened the door" to this line of questioning by cross-examining Detective Spain concerning Torres's credibility and evidence that led the detectives to defendant. Second, the testimony was not "offered for the truth of the matter asserted." Rather, it was intended to explain the detectives' subsequent conduct. Third, the trial court provided a limiting instruction both prior to the admission of the evidence and during its charge to the jury. Fourth, evidence pertaining to Torres's interview was discussed during both direct and cross-examination of Detective Alamillo without objection by defendant. This assignment of error is overruled.

## IV. Jury Instructions

[2] Defendant contends the jury instructions should have included the requirement that the State prove defendant *knowingly* possessed four hundred grams or more of cocaine and four hundred grams or more of methamphetamine beyond a reasonable doubt. We disagree.

N.C. Gen. Stat. § 90-95(h)(3b) (2003) provides in part:

(3b) Any person who sells, manufactures, delivers, transports, or possesses 28 grams or more of methamphetamine or amphetamine shall be guilty of a felony which felony shall be known as "trafficking in methamphetamine or amphetamine" and if the quantity of such substance or mixture involved:

. . . .

c. Is 400 grams or more, such person shall be punished as a Class C felon and shall be sentenced to a minimum term of 225 months and a maximum term of 279 months in the

State's prison and shall be fined at least two hundred fifty thousand dollars ($ 250,000).

The elements the State must prove beyond a reasonable doubt to support a conviction of trafficking in cocaine or methamphetamine by possession is that defendant: "(1) knowingly possess[ed] cocaine [or methamphetamine;] and (2) that the amount possessed was 28 grams or more." *State v. White*, 104 N.C. App. 165, 168, 408 S.E.2d 871, 873 (1991). "[T]o convict an individual of drug trafficking the State is not required to prove that defendant had knowledge of the weight or amount of methamphetamine which he knowingly possessed or transported. Instead, the statute requires only that the defendant knowingly possess or transport the controlled substances." *State v. Shelman*, 159 N.C. App. 300, 306, 584 S.E.2d 88, 93, *disc. rev. denied*, 357 N.C. 581, 589 S.E.2d 363 (2003).

The trial court did not err in instructing the jury that "the State is not required to prove that the defendant had knowledge of the weight or amount of methamphetamine or cocaine which he knowingly possessed." This assignment of error is overruled.

### V. Jury Question

**[3]** Defendant contends the trial court erred in responding to a jury question with a factual answer, usurping the jury's role as the fact-finder. We disagree.

N.C. Gen. Stat. § 15A-1233(a) (2003) provides:

If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

Our Supreme Court has held that "the statute's requirement that the trial court exercise its discretion is a codification of the long-standing common law rule that the decision whether to grant or refuse a request by the jury for a restatement of the evidence lies within the discretion of the trial court." *State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999). To show that the trial court abused its

discretion, the appealing party must demonstrate that the trial court's decision was so arbitrary that it could not have been the result of a reasoned decision. *State v. Weddington*, 329 N.C. 202, 209, 404 S.E.2d 671, 676 (1991) (citing *State v. Wilson*, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985)).

Here, the jury wrote to the trial court during deliberations and asked, "[w]hat was the amount of coke in the cooler . . . ?" The trial court conferred with both the State and defendant to consider how to best respond to the jury's question. Defendant requested that the jury "be instructed to use their recollection." The trial court responded by stating, "I can't tell them to rely on their recollection because there's no evidence that there was . . . I think I need to inform them no cocaine was found in the cooler." After the jury was conducted to the courtroom, the trial court stated, "[t]he question, What was the amount of coke in the cooler, ladies and gentlemen, there's no evidence presented that there was any cocaine in the cooler."

Defendant does not show and we fail to see how the trial court abused its discretion in answering the jury's question. The transcript indicates the trial court carefully considered the issue and solicited and received arguments from both parties. Further, defendant was not prejudiced as the jury found him to be not guilty of the charges involving cocaine, conspiracy to traffic cocaine, and trafficking in cocaine. This assignment of error is overruled.

## VI. Conclusion

Detective Spain's testimony describing the officers' conversation with Torres was properly admitted. The trial court correctly instructed the jury on the charges of trafficking in cocaine and trafficking in methamphetamine. The trial court did not abuse its discretion in responding to the jury's question on cocaine, particularly where defendant was acquitted of charges relating to cocaine. The defendant received a fair trial free from error.

No error.

Judges McGEE and GEER concur.