**STATE v. HAIRSTON**

[190 N.C. App. 620 (2008)]

Affirmed.

Judges WYNN and STEELMAN concur.

---

STATE OF NORTH CAROLINA v. BOBBY DONNELL HAIRSTON, JR.

No. COA07-1119

(Filed 20 May 2008)

**1. Constitutional Law— effective assistance of counsel—eliciting identification of defendant**

Defendant did not receive ineffective assistance of counsel in an assault with a deadly weapon with intent to kill inflicting serious injury and robbery with a firearm case based on his trial counsel eliciting from the victim an identification of defendant because: (1) when unfavorable information is inadvertently elicited, a trial counsel's performance will not fall below the boundaries of acceptable professional conduct where counsel was attempting to elicit favorable information; (2) defense counsel was attempting to elicit a favorable non-identification and had ample reason to pursue such course when the State did not have the victim make an in-court identification and the victim's testimony on direct examination showed it was not unreasonable for defense counsel to conclude the victim would likely be unable to identify defendant; (3) there was overwhelming evidence of defendant's guilt even excluding this identification including defendant's own admission that he had robbed and shot the victim, and there was no allegation the initial confessions were made under duress or were otherwise obtained improperly even though defendant later recanted his initial statements to police; and (4) it cannot be said that there was a probability that the result would have been different absent this admission.

**2. Evidence— hearsay—truth of matter asserted—failure to show prejudicial error**

The trial court did not err in an assault with a deadly weapon with intent to kill inflicting serious injury and robbery with a firearm case by sustaining the State's objection to a question posed by defendant on the ground that the answer would contain inadmissible hearsay because: (1) in essence defendant

argues that the testimony was not elicited for its truth, but had it been admitted, the jury could have used the statement for the truth of the matter asserted to make it less likely that defendant participated in the robbery; and (2) even if the trial court erred by granting the State's objection, defendant was unable to show that he was prejudiced by such error as required by N.C.G.S. § 15A-1443(a).

Appeal by defendant from judgments entered 8 June 2007 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 5 March 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Marc X. Sneed, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellant.*

HUNTER, Judge.

Bobby Donnell Hairston, Jr. ("defendant") appeals from judgments entered on 8 June 2007 pursuant to jury verdicts finding him guilty of assault with a deadly weapon with intent to kill inflicting serious injury, robbery with a dangerous weapon, first degree kidnapping, three counts of financial credit card theft, and two counts of second degree kidnapping. Judgments were arrested on the three counts of financial credit card theft, the one count of first degree kidnapping, and both counts of second degree kidnapping. Defendant was sentenced to between 116 months' imprisonment and 149 months' imprisonment for assault with a deadly weapon with intent to kill inflicting serious injury and to between eighty-one months' imprisonment and 115 months' imprisonment for robbery with a firearm. After careful consideration, we find that defendant's trial was free from error.

The State presented evidence tending to show that Gene Moore ("Moore"), the proprietor of Private Pleasures and other businesses adjoining that property, walked from Private Pleasures along a back hallway that connected to his other businesses on 21 May 2006 at approximately 3:00 a.m. While walking, Moore was confronted by two men that informed him that " 'this is a hold up' " and demanded that Moore hand over whatever money he possessed. The two men told Moore not to move. Moore began to back up and was shot in the stomach.

STATE v. HAIRSTON

[190 N.C. App. 620 (2008)]

Thereafter, the men put a gun to Moore's head and demanded money from him and the keys to his safe. The men informed Moore that if he did not comply, they would kill him. Diana Moody, Moore's employee, approached the scene, removed money from Moore's shirt pocket, and gave the money to the men. The two men also took Moore's wallet and a moneybag.

Detective Joseph Frandsen of the Onslow County Sheriff's Office was assigned to investigate the robbery. Ferondo Moore, Moore's son, told Detective Frandsen that according to Moore's credit card statement, the credit cards stolen from his father had been used in Havelock, North Carolina. Upon contacting the Havelock Police Department, Detective Frandsen spoke with Detective Mike Stuart. Detective Stuart was thereafter able to identify Demario Brown ("Brown") as a suspect in the Moore robbery. Detective Stuart then issued a search warrant against Brown's home, where he found stolen items reported from another robbery, Moore's credit cards, and several items that had been purchased on Moore's cards after they were stolen.

During the course of executing the search warrant, defendant pulled up to Brown's home. Detective Stuart requested to pat down defendant. Defendant asked to retrieve some shoes for the children that had been in his car. Detective Stuart allowed defendant to do so and upon returning to the car, defendant reached for a handgun. Detective Stuart then handcuffed defendant. Defendant told the officers he had another gun in his back pocket. The police recovered this gun off defendant's person, a silver .22-caliber handgun, in addition to a stun gun.

When questioned about the robbery, defendant confessed to both shooting Moore and to robbing him. Later, however, defendant sent Detective Frandsen a note denying his participation in the robbery and shooting of Moore. Defendant explained in the note that the only reason he admitted to the robbery and shooting was to gain "street credit for doing . . . the shooting[.]"

Kendy Hairston, defendant's wife, testified that defendant was with her the entire time in which the State alleged that the crimes occurred. Specifically, Mrs. Hairston testified that she and defendant watched a movie on the evening of 20 May 2006 and went to bed around 1:00 or 2:00 a.m. on the morning of 21 May 2006. She also stated that she and defendant went to church later that same morning.

Defendant presents two issues for this Court's review: (1) whether he received ineffective assistance of counsel; and (2) whether the trial court erred in sustaining the State's objection to a question posed by defendant's counsel on the ground that the answer would elicit inadmissible hearsay.

I.

[1] Defendant first argues that he received ineffective assistance of counsel because his trial counsel elicited an identification of defendant by Moore. We disagree.

In order to assert an ineffective assistance of counsel claim, defendant must: (1) show that his counsel's performance "fell below an objective standard of reasonableness[;]" and (2) establish that "the error committed was so serious that a reasonable probability exists that the trial result would have been different" but for the error. *State v. Gainey*, 355 N.C. 73, 112, 558 S.E.2d 463, 488 (2002).

In this case, the State did not elicit an identification of defendant from Moore while Moore was testifying. On cross-examination, however, the following exchange took place between defendant's counsel and Moore:

Q. Did you get a good look at their faces?

A. It was real dark that night in the hallway, real dark. Couldn't hardly see nothing back there. I was looking and showed [*sic*] the guy, one was darker than the other one.

Q. Do you recognize [defendant]?

A. Yeah. I remember seeing him.

Q. Okay. You think you saw him that night?

A. Yeah. There was two head of them [*sic*]. Another one, the other guy was a little bit lighter than him, best of my remember [*sic*]. The other guy was a little lighter than him.

Q. But you are not real sure about that, are you?

A. Yeah. I know one was lighter.

"Our Supreme Court has stated, 'this court engages in a presumption that trial counsel's representation is within the boundaries of acceptable professional conduct' when reviewing ineffective

assistance of counsel claims." *State v. Medina,* 174 N.C. App. 723, 729, 622 S.E.2d 176, 179 (2005) (quoting *State v. Roache,* 358 N.C. 243, 280, 595 S.E.2d 381, 406 (2004)). It is not the role of the appellate court " 'to second-guess counsel's tactical decisions.' " *Id.* at 729, 622 S.E.2d at 179-80 (citation omitted).

When unfavorable information is inadvertently elicited, a trial counsel's performance will not fall below the boundaries of acceptable professional conduct where counsel was attempting to elicit favorable information. *State v. Pretty,* 134 N.C. App. 379, 390, 517 S.E.2d 677, 685 (1999) (Greene, J., concurring) (concluding that where evidence presented supports the inquiry, there will be no finding of ineffective assistance of counsel). Here, defendant's counsel was attempting to elicit a favorable non-identification by Moore. Defense counsel had ample reason to pursue such a course: During the State's direct examination of Moore, Moore had testified that he had not previously known either man that he encountered in the rear of building, and only provided a description of the men that had robbed and assaulted him—that one man was of darker complexion than the other and that both were roughly the same height. The State did not have Moore make an in-court identification of defendant. Thereafter, defendant's counsel made a tactical choice to question Moore about his ability to identify defendant as the perpetrator of the crimes. Given Moore's testimony on direct examination, it was not unreasonable for defense counsel to conclude that Moore would likely be unable to identify defendant and to pursue the line of questioning quoted above. Accordingly, we hold that defendant's counsel's performance did not fall below an objective standard of reasonableness.

Moreover, even were we to find deficient performance, there is overwhelming evidence of defendant's guilt, even minus the *quasi* in-court identification. Testimony presented at trial consisted of a witness to the robbery, who noted that one of the men who robbed the store had a silver .22-caliber handgun that looked identical to the one taken from defendant when his car was searched. Additionally, the jury heard testimony that defendant and Brown had robbed another adult entertainment store down the street from Moore's businesses using a similar method. Finally, defendant admitted during his police interrogation that he had robbed and shot Moore and robbed the other adult entertainment store down the street. Although defendant later recanted his initial statements to the police, he made no allegations that his initial confessions were made under duress or were oth-

**STATE v. HAIRSTON**

[190 N.C. App. 620 (2008)]

erwise obtained improperly. Instead, defendant stated that the confessions were made in an effort to gain "street credit."

Given the evidence of defendant's guilt, defendant has made scant argument as to prejudice in his brief to this Court and we cannot say that there was a probability that the result of defendant's trial would have been different. Accordingly, defendant's assignment of error as to this issue is overruled.

## II.

[2] Defendant's last argument is that the trial court committed reversible error in sustaining the State's objection to a question posed by defendant on the grounds that the answer would contain inadmissible hearsay. We disagree.

Detective Frandsen testified that Shannon Hicks, an acquaintance of Brown's, also used Moore's stolen credit cards. On cross-examination, defense counsel asked Detective Frandsen if, during his interview with Hicks, she had indicated that she knew defendant. Detective Frandsen answered in the negative. The State objected and the trial court sustained the objection, instructing the jury to disregard the response of Detective Frandsen and to not consider the statement for any purpose.

"Hearsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' " *Hall v. Coplon,* 85 N.C. App. 505, 510, 355 S.E.2d 195, 198 (1987) (quoting N.C. Gen. Stat. § 8C-1, Rule 801(c)). Defendant contends that the statement was not offered for the truth of the matter asserted, but instead was offered as a historical fact—that is, whether Hicks knew defendant or not. Defendant, however, goes on to argue that the trial court's ruling requires reversal because, according to defendant, such evidence would have aided defendant's arguments concerning his alibi defense. According to defendant, had the testimony been admitted, the jury could have used the information as "proof" that Brown and another person, not defendant, committed the robbery. In essence, defendant argues that the testimony was not elicited for its truth, but had it been admitted, the jury could have used the statement for the truth of the matter asserted, that Hicks, who had used the stolen credit cards, did not know defendant—thus making it less likely that defendant participated in the robbery of Moore. Accordingly, the trial court did not err in sustaining the State's objection as the testimony was offered for the truth of the matter asserted.

HANNAH v. NATIONWIDE MUT. FIRE INS. CO.

[190 N.C. App. 626 (2008)].

Alternatively, even were the trial court to have erred in granting the State's objection, defendant has been unable to show that he was prejudiced by such error as is required by N.C. Gen. Stat. § 15A-1443(a) (2007). The overwhelming evidence discussed in section I of this opinion, specifically defendant's admission of guilt, defeats any of defendant's claims for a new trial on errors relating to the admission of evidence. Defendant's assignment of error as to this issue is therefore rejected.

### III.

In summary, we conclude that defendant received adequate representation under the Sixth Amendment and in the event that there was trial counsel error, defendant cannot establish prejudice. Additionally, we find no error in the trial court's ruling on the State's objection to testimony. Even if the trial court did err in that ruling, in light of the overwhelming evidence of defendant's guilt, he is unable to establish prejudice.

No error.

Judges ELMORE and STROUD concur.